THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FALCON ENTERPRISES, INC., a California Corporation; and FALCON FOTO, LLC, a California Company,<br><br>Plaintiffs,<br><br>v.<br><br>FCI INC., et al.<br><br>Defendants. | No. CV07-0311 JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>RE-NOTED ON MOTION CALENDAR:<br>February 29, 2008 |

A.  **Introduction.**

At the outset, it is important for Defendants to set the record straight regarding the facts in this case and the actual summary judgment record before the Court. In their Opposition, Plaintiffs repeatedly rely on their contentions that Defendants create and imbed links to their own subscription websites during their review of a Porn Parks user's website, that FCI's review always involves a review of all pages of a user's website, and that FCI reviews and analyzes each image on a user's website. These contentions are all false and are not supported by any evidence whatsoever, much less the admissible competent evidence that would be required to defeat Defendants' motion.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1
Case No. CV07-0311 JCC

118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

The only competent evidence before the Court on these issues is the statements in the declarations of Moses Leslie, the Lead System Administrator of FCI, which are based on Mr. Leslie's personal knowledge. Mr. Leslie states very clearly that: (1) the FCI representative conducting FCI's review does not in any way alter the user's website and never inserts any links into the user's website (Leslie Decl. ¶ 8; Supp. Leslie Decl. ¶¶ 6-7); (2) FCI does not review all pages of a user's website and often only reviews the first page. (Supp. Leslie Decl. ¶ 4); and (3) FCI's review does not involve a review or analysis of the images on a user's website (Leslie Decl. ¶ 8; Supp. Leslie Decl. ¶¶ 3-7).

Other than what they have learned from Mr. Leslie's declarations, Plaintiffs have no knowledge regarding the actions taken by FCI in its review of a Porn Parks user's website. Plaintiffs did not do any written discovery or take any depositions in this lawsuit and the discovery cutoff has passed. Plaintiffs have not submitted any declarations by any person who has personal knowledge of the actions taken by FCI in their review. Plaintiffs are in no position to dispute the facts stated by Mr. Leslie in his declarations.

The declaration of Jason Tucker provides no facts which provide competent evidence of the actions taken by FCI. First, Mr. Tucker's statements about the user's websites containing multiple links to sites owned by FCI are based on hearsay and Defendants hereby move to strike such statements (and portions of pleadings related thereto).[1] Second, even if Mr. Tucker's statements are true, Plaintiffs' inferences from these facts are completely

---

[1] Pursuant to CR 7(g), Defendants move to strike the highlighted portions of Mr. Tucker's Declaration, all of its Exhibit B and the highlighted portions of Plaintiffs' opposition brief, which are attached as Exhibits A and B to the Supplemental Declaration of Joseph E. Lynam. The highlighted portions of Mr. Tucker's declaration include statements on matters on which Mr. Tucker lacks personal knowledge and/or contain hearsay, such as Mr. Tucker's statements about what he claims the records of the WhoIs database say. Similarly, the highlighted portions of the opposition brief are statements totally bereft of any factual support in the summary judgment record.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2
Case No. CV07-0311 JCC

118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

misplaced. Other than the automatic insertion of two links by the functioning of FCI's server, FCI does not in any way insert into a user's website any links. Leslie Decl. ¶ 8; Supp. Leslie Decl. ¶¶ 3-7. All other links included on a user's website are selected by and inserted by the user. Leslie Decl. ¶ 8; Supp. Leslie Decl. ¶¶ 5-6.

**B.** **Plaintiffs Have Failed to Demonstrate That There Is Any Triable Issue of Fact With Respect to Their Direct Infringement Claims.**

Plaintiffs make only a cursory response to Defendants' actual direct infringement arguments and rely on trying to muddy the waters by making arguments regarding Defendants' eligibility for protection under the DMCA safe harbor established by 17 U.S.C. § 512(c). This approach ignores the fact that whether Defendants are liable for direct infringement is a separate issue that must be determined before eligibility for the DMCA becomes relevant. In other words, if, as is the case here, Defendants are not liable as a matter of law for direct infringement, the Court need not consider the DMCA. *See Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1174 (2002) (DMCA safe harbors "do not affect the question of ultimate liability under the various doctrines of direct, vicarious, and contributory liability. H.R. Rep. 105-551(II), at 50 (July 22, 1998); S. Rep. 105-190, at 19 (May 11, 1998). Rather they limit the relief available against service providers that fall within these safe harbors.")

Most importantly, Plaintiffs do not address, much less dispute, the well-established principle that "[a] plaintiff must also show volitional conduct on the part of the defendant in order to support a finding of direct copyright infringement." *Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006). Here, Plaintiffs have not placed anything in the

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

summary judgment record that, if believed, would establish that Defendants engaged in any volitional conduct sufficient to create liability for direct infringement.

Giving Plaintiffs' substantive arguments on direct infringement their most charitable construction, it appears they are claiming Defendants violated their exclusive rights under 17 U.S.C. § 106 to display and distribute the Subject Images. Plaintiffs' Opposition at 8-9. Plaintiffs rely exclusively on *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 517-18 (9th Cir. 1993) and *Perfect 10 v. Amazon*, 487 F.3d 701 (9th Cir. 2007). Plaintiffs' Opposition at 8-9. Plaintiffs' rely on the *MAI* decision for the proposition that "an image stored in a computer is a "copy" of the work for purposes of copyright law." Plaintiffs' Opposition at 8. What the *MAI* court actually held was that when a computer software program is transferred from a permanent storage device, such as a hard drive, floppy disk or read only memory of a computer, to a computer's Random Access Memory ("RAM"), "copying" under the Copyright Act has occurred. *MAI Sys. Corp.*, 991 F.2d at 517-18. That situation is entirely different than the one in this case. Indeed, in *CoStar Group, Inc. v. Loopnet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004), the Court held a service provider operating a web hosting site does not make copies of more than transitory duration and therefore cannot be liable for direct infringement. *LoopNet*, 373 F.3d at 550-51. Tellingly, the Court correctly noted this construction of the Copyright Act was especially appropriate in the Internet context:

> There are thousands of owners, contractors, servers, and users involved in the Internet whose role involves the storage and transmission of data in the establishment and maintenance of an Internet facility. **Yet, their conduct is not truly "copying" as understood by the Act**. (Internal citation omitted.) **To conclude that these persons are copyright infringers simply because they are involved in the ownership, operation, or maintenance of a transmission facility that automatically records material – copyrighted or not – would miss the thrust of the protections afforded by the Copyright Act**.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4
Case No. CV07-0311 JCC

118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*LoopNet*, 373 F.3d at 551 (emphasis added).

The only and undisputed evidence in the summary judgment record is Defendant FCI performs a limited technical review to ensure that a user's site will function correctly. Leslie Decl., ¶ 8; Supp. Leslie Decl., ¶ 6. Once the site has been approved, FCI's server automatically functions to make visible when viewed a link at the top of the first page of the user's site and a link at the end of the site. Supp. Leslie Decl., ¶ 6. Contrary to Plaintiffs' legally insufficient and factually unsupported assertions, the Porn Parks site is a passive free-hosting site.

Plaintiffs' reliance on the *Perfect 10* decision is also misplaced. In *Perfect 10*, the conduct held to constitute prima facie direct infringement was Google's storage on its computers and display of thumbnail versions of Perfect 10's images of nude models. *Perfect 10,* 487 F.3d at 716-17. Plaintiffs, however, fail to point out a crucial aspect of the *Perfect 10* Court's analysis. In *Perfect 10*, the Ninth Circuit distinguished between active search engines such as Google and passive service providers such as FCI and specifically stated that its analysis did not apply to the latter:

> Because Google initiates and controls the storage and communication of these thumbnail images, we do not address whether an entity that merely passively owns and manages an Internet bulletin board or similar system violates a copyright owner's display and distribution rights when the users of the bulletin board or similar system post infringing works. *Cf. CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir.2004).

Perfect 10, 487 F.3d at 717, n.6.

This distinction is entirely appropriate and, in fact, cases analyzing the liability of passive service providers for direct infringement uniformly conclude they cannot be liable for direct infringement as a matter of law. *Religious Tech. Center v. Netcom On-Line Comm.*,

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

907 F. Supp. 1361, 1381-82 (N.D. Cal. 1995) (copying by a passive ISP's machines caused by a user's actions insufficient for direct infringement claim); *Loopnet*, 373 F.3d at 555 (same).

Finally, Plaintiffs' attempts to distinguish the facts of this case from those in *Netcom* and *Loopnet* are without merit. Plaintiffs' claim that Defendants "embedded advertisements and links to FCI's own paid subscription Internet Web sites on the Web pages submitted for review and approval" is false. Any other embedded links that Plaintiffs claim to have observed on the user websites at issue would have been placed by the user at his or her sole discretion. *See* Leslie Decl., ¶ 8; Leslie Supp. Decl., ¶¶ 6-7. Plaintiffs have put absolutely nothing in the summary judgment record that, if believed, would establish a prima facie case that any Defendant directly infringed their copyrights.

**C. Plaintiffs Have Also Failed to Raise Any Triable Issue of Fact With Respect to Whether Defendants Are Liable for Contributory Infringement.**

**1. Defendant FCI Is a Service Provider.** Plaintiffs have not even attempted to establish that Defendant FCI is not a service provider. This is hardly surprising. A "service provider" is "a provider of online services or network access, or the operator of facilities therefor." 17 U.S.C. § 512(k)(1)(B). The PornParks website provides online services, including file storage; there is no doubt that it meets the definition of a "service provider."[2] *See* Leslie Decl., ¶¶ 1, 6. *See also LoopNet*, 373 F.2d at 547 (held website displaying pictures of homes and provides real estate listings is a service provider); *Corbis*, 351 F. Supp. 2d at 1100 (specifically recognizing Amazon.com, as web site operator and provider of retail and third-party selling services, met the definition of "service provider" for safe harbor purposes).

---

[2] *See Also CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.2d 544, 547 (4th Cir. 2004) (holding that website that displays pictures of homes and provides real estate listings is a service provider).

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**2. FCI and the Other Defendants Lacked Actual Knowledge of the Allegedly Infringing Activity.** As Plaintiffs' correctly concede, if FCI is a service provider, it can only be liable for contributory infringement if it (1) "'has *actual* knowledge that *specific* infringing material is available using its system'" and (2) "can 'take simple measures to prevent further damage' to copyrighted works." *Perfect 10*, 487 F.2d at 729 (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) and *Netcom*, 907 F. Supp. at 1375) (italics in original). Plaintiffs do not dispute or even attempt to contravene the fact that the **first** notification of the alleged infringements occurred on November 8, 2006 and that prior to that, date, all defendants lacked any knowledge whatsoever of the specific alleged infringements at issue. Leslie Decl., ¶ 5. The Court need not go further and can grant summary judgment dismissal of Plaintiffs' contributory infringement claims on this basis alone.

Plaintiffs argue Defendants had actual knowledge of the alleging infringing activity because Plaintiffs had in the past required that Plaintiffs' properly licensed images be accompanied by links to their paid-subscription sites and because the alleged lack of 18 U.S.C. § 2257 compliance statements should have alerted Defendants that the images were displayed without lawful authority. Plaintiff's Opposition, at 14.

These arguments suffer from several fatal flaws. It is undisputed the last license agreement entered into between Plaintiff Falcon Foto and any entity affiliated with Defendants (Flying Crocodile, Inc.) was dated October 2, 2000. It is entirely unreasonable to expect that FCI should assume Plaintiffs would impose the exact same licensing requirements over six years later. Moreover, there is no evidence in the summary judgment record that any Defendant actually knew that display of a link to a paid-subscription site on every image copyrighted by Plaintiffs was a requirement at the time the images were uploaded to the user's website. Indeed, Plaintiffs have not even attempted to rebut the fact that Defendants' brief technical review does not allow it to determine whether a user had created a website with particular models or if a particular image on the website contained a copyright mark. Leslie

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Decl., ¶ 8. Without this type of knowledge, it would be impossible for Defendants to determine whether or not any licensing requirements had been complied with, even if they were otherwise aware of them (which Defendants were not).

Plaintiffs' argument with respect to the record keeping requirements of 18 U.S.C. § 2257 is similarly devoid of merit. The most that Mr. Tucker's declaration establishes is Plaintiffs maintain the records that were previously required by 18 U.S.C. § 2257[3] and that it permits its licensees to provide the location of these records. *See* Tucker Decl, ¶ 15. There is no competent evidence in the Tucker declaration or elsewhere that the user websites at issue lacked 18 U.S.C. § 2257 compliance statements or that the Defendants knew that such statements were missing.[4] Rather, the only and unrebutted evidence is that FCI performs a brief technical review to ensure the user's site will function correctly and then does not typically review the site again. Leslie Decl., ¶ 8. There is simply no factual basis in the summary judgment record for Plaintiffs' 18 U.S.C. § 2257 argument.

Finally, Plaintiffs' argument that Defendants could have taken other reasonable measures to prevent infringement must be rejected out of hand, particularly the statement that "Defendants could have required some statement from each subscriber regarding their authority to display the images." This is precisely what defendants did. Use of the Porn Parks website is expressly conditioned on compliance with the site's Acceptable Use Policy, which requires users to expressly agree "not to use Porn Parks services to violate copyright or other intellectual property rights." Leslie Decl., Ex. D at 18-19.

**3. Even if FCI is Not Considered A Service Provider, It is Still Not Liable for Contributory Infringement.** Defendants are clearly not liable for contributory infringement

---

[3] Plaintiffs fail to mention that 18 U.S.C. § 2257 was declared unconstitutionally overbroad on its face in *Connection Dist. Co. v. Keisler*, 505 F.3d 545 (6th Cir. 2007).

[4] All arguments to the contrary in Plaintiffs' Opposition are completely devoid of any citation to the record or other factual support. *See* Opposition at 13-14.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 8
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

even under the test which requires Plaintiffs to show that Defendants (1) knew or should have known that infringement was occurring; and (2) induced, caused or materially contributed to the infringement. *Perfect 10*, 487 F.3d at 727. Without trying to establish that FCI is not a service provider, Plaintiffs simply launch into an argument that makes this assumption. Even if this fatal flaw in Plaintiff's summary judgment opposition were overlooked, the only admissible evidence in the record on the issue of Defendants' knowledge establishes that all Defendants "were completely unaware that the Subject Images allegedly infringed any copyright until…November 8, 2006." Leslie Decl., ¶ 8. As established above, Plaintiffs' attempts to create an issue of fact with respect to knowledge with arguments based on 18 U.S.C. § 2257 and prior licensing agreements lack factual support in the record and are contrary to logic.

Moreover, *Fonovisia, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996), on which Plaintiffs rely, is inapposite and has been expressly held not to apply in contexts analogous to this case. In *Fonovisa*, a swap meet operator knowingly provided facilities and services to third-party vendors that were necessary for the sale of infringing works. *Fonovisa*, 76 F.3d at 264. There was no dispute that the swap meet owner knew of the alleged infringement; the record included evidence of past criminal enforcement and purported cooperation between defendant and the sheriff to limit sales of counterfeit goods at the swap meet. *Fonovisa*, 76 F.3d at 264-65. Here, in dispositive contrast, the only and uncontroverted evidence is that no Defendant knew of the alleged infringements until notified by Plaintiffs on November 8, 2006.

D. **Defendants Are Eligible for Protection Under the DMCA.**

Plaintiffs do not dispute FCI is a "service provider," its reasonable implementation of a user policy, and its non-tolerance for blatant infringement. Nor do defendants dispute that Defendants expeditiously disabled access to the allegedly infringing materials. Plaintiffs only dispute Defendants' compliance with the DMCA's designated agent requirement, Defendants'

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 9
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

lack of actual knowledge of infringement or facts from which infringement is apparent, and Defendants' lack of direct financial benefit from the allegedly infringing activity and their and right and ability to control such activity. *See* Plaintiffs' Opposition at 16-22.

    **1.** **Substantial Compliance Is the Appropriate Standard for the Designated Agent Requirement.** The DMCA holds service providers and copyright holders to the same substantial compliance standard. Compare 17 U.S.C. § 512(c)(2) with 17 U.S.C. § 512(c)(3). Both subsections use the phrase "substantially the following" to qualify the statement of the information and notice, respectively, that must be provided. *See also ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 623-626 (4th Cir. 2001) (permitting substantial compliance with notice requirement applicable to copyright holder); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007) (noting substantial compliance with notice requirement is permitted if there is substantial compliance with all its requirements). Allowing substantial compliance here would also be consonant with Congressional intent. *See CCBill*, 488 at 1112 (recognizing H.R. Rep. No.105-551 at 56 establishes that a "communication substantially complies even if it contains technical errors such as misspellings or outdated information.") Here, it is undisputed that Plaintiffs were able to notify Defendants of the alleged infringements the first time Plaintiffs attempted to do so. This is the exact result the DMCA contemplates and Defendants should be held to have complied with the DMCA's designated agent requirement.

    **2.** **Defendants Lacked Any Knowledge of the Infringement or of Facts From Which the Alleged Infringements Were Apparent.** In a vain attempt to establish Defendants had actual knowledge of the infringement or at least facts from which infringement should have been apparent, Plaintiffs reiterate the same legally and factually unsupported arguments regarding prior licensing agreements and the records keeping requirements of 18 U.S.C. § 2257. For the same reasons these arguments fail to create an issue of material fact that would preclude summary judgment dismissal of Plaintiffs' direct

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 10
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

and contributory copyright infringement claims, they also fail to create an issue of fact with respect to Defendants' DMCA eligibility. The only admissible evidence before the Court regarding these issues is Defendants had no knowledge whatsoever of the alleged infringements until they were notified by Plaintiffs on November 8, 2006. Leslie Decl., ¶ 8.

**3. Defendants Lacked the Right or Ability to Control the Allegedly Infringing Activity.** Plaintiffs' claim Defendants have a right or ability to control the allegedly infringing activity because they (1) review all web sites submitted by Porn Parks users before allowing the sites to be active, (2) review these sites in sufficient detail so as to embed an average of 19 links to their own subscription sites, and (3) prohibit the use of unlicensed content. Plaintiffs' Opposition at 22. The first and second reasons are contrary to the undisputed facts and third reason is contrary to controlling law.

Plaintiffs' reliance on *Perfect 10 v. Cybernet Ventures*, 213 F. Supp. 2d 1146 (C.D. Cal. 2002), *A&M Records v. Napster, Inc.*, 114 F. Supp. 2d 896 (N.D. Cal. 2000) and *Netcom* is misplaced. In *Perfect 10*, the defendant was an Internet Age Verification service and under its monitoring system, its participating sites "receive[ed] detailed instructions regarding issues of layout, appearance, and content." *Cybernet Ventures*, 213 F. Supp. 2d at 1173. FCI does not have a monitoring program; nor does it provide its users with any instructions, much less detailed ones, regarding the layout, appearance and content of their sites. *See* Supp. Leslie Decl., ¶ 5. Plaintiffs rely on *A&M Records* and *Netcom* for the proposition a defendant's ability to exclude or delete users about whom copyright holders complaint amounts to a right or ability to control. This ignores the fact this Court has specifically recognized that "the 'right and ability to control infringing activity, as the concept is used in the DMCA, cannot simply mean the ability of the service provider to remove or block access to materials posted on its website or stored in its system.'" *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 11
Case No. CV07-0311 JCC
118105.0010/1488385.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1090, 1110 (W.D. WA 2004). (quoting *CCBill*, 340 F. Supp. 2d at 1098).[5] This is because "closing the safe harbor based on the mere ability to exclude users from the system is inconsistent with the statutory scheme." *Cybernet Ventures, Inc.*, 213 F. Supp. 2d at 1181. Because there is no dispute Defendants lack the right or ability to control, the Court need not reach the issue of direct financial benefit. *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1093-94 (2001).

**4. Defendants Did Not Directly Benefit Financially From the Allegedly Infringing Activity.** Plaintiffs rely exclusively on the assertion that Defendants embed links to their own pay sites throughout a user's site to attempt to establish that Defendants derive a direct financial benefit from the infringing activity. As established above, it is undisputed this does not occur and Plaintiffs have absolutely no evidence any Defendant embedded the links to Defendants' pay sites. For this reason, Plaintiffs fail to create a genuine factual dispute with respect to the lack of any direct financial benefit. Plaintiffs also ignore the relevant inquiries -- whether the financial benefit is "directly attributable to the infringing activity" as provided in 17 U.S.C. § 512(c)(1)(B), and whether the infringing activity is a specific draw for potential subscribers. *CCBill*, 488 F.3d at 1117. Plaintiffs make no attempt to link the alleged infringements of the Subject Images with any specific financial benefit realized by Defendants that is directly attributable to the alleged infringements. They offer only conjecture and speculation insufficient to defeat Defendants' motion.

DATED: February 29, 2008.

LANE POWELL PC

By   s/ Joseph E. Lynam
    Joseph E. Lynam, WSBA No. 12728
    Andrew G. Yates, WSBA No. 34239
    Lane Powell PC
    1420 Fifth Avenue, #4100
    Seattle, WA; T: 206-223-7000
    F: 206-223-7107
    Email: lynamj@lanepowell.com

---

[5] Curiously, Plaintiffs concede this point before making the contrary argument. *See* Opposition at 21.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. CV07-0311 JCC

118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# **CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on February 29, 2008, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Robert S. Apgood
Michael J. Boyle
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
T: 206-624-2379
F: 206-784-6305
rob@carpelaw.com
mike@carpelaw.com
*AND*
Spencer D. Freeman
Freeman Law Firm, Inc.
2401 North 30th Street
Tacoma, WA 98403
T: 253-383-4500
F: 253-383-4501
sfreeman@freemanlawfirm.org
*Attorneys for Plaintiffs*

Executed on 29 February 2008 at Seattle, Washington.

    s/Maureen Doherty
    Maureen Doherty
    Legal Secretary
    LANE POWELL PC
    1420 Fifth Avenue, Suite 4100
    Seattle, Washington 98101-2338
    Tel: 206.223.7000
    Fax: 206.223.7107
    Email: dohertym@lanepowell.com
    Attorney(s) For Defendants

REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 13
Case No. CV07-0311 JCC

118105.0010/1488385.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107