THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FALCON ENTERPRISES, INC., a California )
Corporation; and FALCON FOTO, LLC, a )
California Company, )
            )    No. CV07-0311 JCC
            )
          Plaintiffs, )    **DEFENDANTS' SECOND MOTION**
            )    **FOR PARTIAL SUMMARY**
   v.                       )    **JUDGMENT RE DISMISSAL OF**
            )    **STATE LAW CLAIMS, IMPROPER**
FCI INC., a Washington Corporation d/b/a )    **DEFENDANTS AND ACTUAL**
FLYING CROCODILE INCORPORATED; )    **DAMAGES CLAIMS**
ACCRETIVE TECHNOLOGY GROUP, )
INC., a Washington Corporation; ROSS )
PERKINS and JANE DOE PERKINS, )
individually, and the marital community )    **NOTE ON MOTION CALENDAR:**
composed thereof, and d/b/a Flying Crocodile )
Incorporated and/or Accretive Technology )    **APRIL 11, 2008**
Group, Inc.; SHAWN BODAY and JANE )
DOE BODAY, individually, and the marital )
community composed thereof, and d/b/a )
Flying Crocodile Incorporated and/or )
Accretive Technology Group, Inc.; and DOES )
1-10, )
            )
          Defendants. )
_____ )

I. <u>MOTION</u>

A.    <u>Introduction.</u>

     Defendants FCI Inc. ("FCI"), Accretive Technology Group, Inc. ("Accretive"), Ross

Perkins and Jane Doe Perkins, individually and the marital community composed thereof

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
Case No. CV07-0311 JCC

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

("Perkins"), Shawn Boday and Jane Doe Boday, individually and the marital community composed thereof ("Boday"), collectively referred to as ("Defendants"), have previously moved for dismissal with prejudice of the direct and contributory copyright infringement claims in Count I and Count II of Plaintiffs Complaint for Damages and Injunctive Relief ("Complaint").

In this Motion, Defendants move for dismissal of Plaintiffs' other claims, which are for unjust enrichment, tortious interference with prospective contractual relations and statutory and common law unfair competition, as alleged in Counts III through V, respectively, of the Complaint (collectively "State Law Claims"). The State Law Claims are pre-empted by the Copyright Act, have been insufficiently pled, and Plaintiffs cannot establish all the essential elements of each of these claims. Defendants also move for dismissal of the improper defendants Accretive, Perkins and Boday, and Plaintiffs' actual damages claims.

**B.** **Specific Relief Requested.**

Specifically, pursuant to Rule 56, Defendants respectfully request the following relief:

1.     Dismissal with prejudice of Plaintiffs' State Law Claims;

2.     To the extent Plaintiffs' copyright infringement claims and State Law Claims are not dismissed in their entirety, dismissal with prejudice of these claims against improper defendants Accretive, Perkins and Boday;

3.     To the extent Plaintiffs' copyright infringement claims and State Law Claims are not dismissed in their entirety, dismissal of all claims for actual damages under any of Plaintiffs' causes of action; and/or

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
Case No. CV07-0311 JCC
118105.0010/1499774.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1      4.    To the extent that the Court does not grant this Motion in its entirety,

Defendants respectfully request that the Court grant it partial relief and dismiss those causes

of action and/or damages claims which it does find to be subject to summary judgment at this

stage.

## II. STATEMENT OF FACTS

**A.    Plaintiffs' Lawsuit and the Specific Allegations of Their Complaint.**

    1.    Plaintiffs discovered the alleged infringements at issue in August and October

of 2006, but did not notify any Defendant of these alleged infringements until November 8,

2006. *See* Exh. A to Declaration of Joseph E. Lynam in Support of Defendants' Motion for

Partial Summary Judgment Dismissing Certain Claims and Awarding Attorneys' Fees, at 7-8.

(Dkt. # 14-2); Declaration of Moses Leslie in Support of Defendants' Motion for Partial

Summary Judgment Dismissing Certain Claims and Awarding Attorneys' Fees ("Leslie

Decl.,"), ¶ 8 (Dkt. # 15).[1]

    2.    Plaintiffs filed their Complaint on February 28, 2007. (Dkt. # 1). Plaintiffs'

Complaint, which has never been amended, alleges claims for direct and contributory

copyright infringement, unjust enrichment, tortious interference with prospective contractual

relations, and statutory and common law unfair competition. Complaint, ¶¶ 42-76.

    3.    The only form of "unlawful conduct" alleged by Plaintiffs is the display of

over 400 copyrighted images ("Subject Images") on a series of websites of a third party whom

Plaintiffs have chosen not to sue. *See* Complaint, ¶¶ 26-41. These allegations pertain

---

[1] Defendants refer to both this declaration of Moses Leslie and the Declaration of Moses Leslie filed in support of this motion. The citations to the Leslie Declaration filed in support of Defendants' first motion for partial summary judgment are accompanied by a citation to the docket number of that declaration.

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
Case No. CV07-0311 JCC
118105.0010/1499774.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

exclusively to the unauthorized display of the Subject Images. *See* Complaint, ¶¶ 26-60. The Complaint does not contain specific factual allegations in support of Plaintiffs' other pled claims. *See* Complaint, ¶¶ 26-41; 61-76. Rather, Plaintiffs incorporate by reference their allegations regarding the alleged infringements as the factual predicate for their non-copyright claims. *See* Complaint, ¶¶ 61, 66, 71.

**B.    Plaintiffs' Discovery Responses Regarding Damages.**

1.    In their Initial Disclosures, Plaintiffs indicated that they intended to seek the maximum statutory damages for willful infringement under 17 U.S.C. § 504(c)(2). Plaintiff's Initial Disclosures (Exh. A to the Declaration of Joseph E. Lynam in Support of Defendants' Second Motion for Partial Summary Judgment ("Lynam Decl.")), at 6.    Plaintiffs also stated that if one or more of the works at issue were deemed not to be protected by a valid copyright at the time of the alleged infringement:

> Plaintiff[s] shall seek actual damages and profits from the Defendants. Those actual damages and profits shall be calculated as a function of the actual number of viewers of Defendant's Web sites who would have "clicked through" to Plaintiff's Web sites had Defendants placed the requisite hypertext link and who would have ultimately subscribed to Plaintiff's subscription-based services plus the amount of profit realized by Defendants from subscriptions to Defendants' Web sites resulting from the viewing of Plaintiff's infringed images on Defendants' Web sits plus fair-market value of licensing fees that would have been paid to Plaintiff had Defendants acquired licenses to use Plaintiff's images.

Plaintiffs' Initial Disclosures (Ex. A to Lynam Decl.), at 6.

2.    Based on Plaintiffs' statements regarding damages in their Initial Disclosures, Defendants propounded two different Interrogatories regarding damages. *See* Defendants' First Interrogatories to Plaintiffs and Responses Thereto (Ex. B to Lynam Decl.), at 20-22. These Interrogatories, and Plaintiffs responses, are as follows:

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
Case No. CV07-0311 JCC

118105.0010/1499774.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**INTERROGATORY NO. 10:**  With respect to your summary of actual damages sought by Plaintiffs stated on lines 14 through 22 of page 3 of Plaintiffs' Initial Disclosures, describe in detail the amount of and method of calculation of such damages, including but not limited to the numbers used and assumptions made in calculating the number of viewers who would have "ultimately subscribed to Plaintiffs' subscription-based services" and in calculating the "fair-market value of licensing fees."

**ANSWER**:

The calculation of actual damages that Plaintiffs may seek is as follows:

A = Number of visitors to Defendants' Web sites that contained Plaintiffs' infringed images

B = Conversion rate (the percentage of viewers who ultimately subscribed to Plaintiffs' Web sites) of 1:600

C = The fair market value of a subscription to one of Plaintiffs' subscription-based Web site is $29.95 per month (current amount actually charged)

D = 1.5 months (average subscription duration)

Damages = A x B x C x D

Plaintiff is unable to respond to this interrogatory for the actual amount since Defendants are in possession of the information required for ascertaining variable "A" above and Plaintiffs have not yet completed their discovery.

Plaintiffs shall also be entitled to Defendants actual profits enjoyed by the use of Plaintiffs' images, which amount is unknown at this time, but shall ultimately be discovered by Plaintiffs through discovery.

* * *

**INTERROGATORY NO. 11**:  With respect to each and every item of damages which Plaintiffs seek to recover in this lawsuit, state the amount of, method of calculation of, and a description of each and every such item of damages.

**ANSWER**:

Referring to the information provided in response to Interrogatory No. 4, Plaintiffs seek the SUM of each unique infringement of a copyright (some copyrights were infringed more than once) TIMES $150,000 (the statutory

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

maximum per infringement).  Plaintiff has recorded at least 15 such unique infringements.  At this time, and without waiving any additional damages as may be found during discovery, Plaintiffs may seek:

15 X $150,000 = $2,250,000.

Defendants' First Interrogatories to Plaintiffs and Responses Thereto (Ex. B to Lynam Decl. at 20-22).

3.     Plaintiffs have never supplemented these responses and Plaintiffs have never conducted any discovery in this case.  Lynam Decl., ¶¶ 4-5.

## C.     The Discovery Deadline Has Passed and Plaintiffs Have Not Conducted Any Written Discovery, Taken Any Depositions or Supplemented Their Responses.

1.     This Court issued its pretrial scheduling order on May 30, 2007.  (Dkt. # 9).  In this order, the Court established a June 16, 2008 trial date and directed the parties and their counsel to be guided by Local Rule 16 in completing discovery.  (Dkt. # 9).  The order also specifically instructed the parties that "all discovery, depositions and perpetuation, must be completed before the discovery completion date."  (Dkt. # 9) (underlining in original).  No party has sought any changes to the trial date or any pretrial deadlines in this case and none have been made by the Court. *See* Court file.

2.     CR 16(f) provides in pertinent part:

**(f)  Completion of Discovery.**  Not later than 120 days prior to the trial date, unless otherwise ordered by the court, all counsel shall exhaust the discovery procedures provided for in Rules 26 through 37, Federal Rules of Civil Procedure.  Interrogatories, requests for admissions or production, etc., must be served sufficiently early that all responses are due before this deadline.

CR 16(f).  In this case, the 120th day before the June 16, 2008 trial date in this case fell on February 13, 2008.  As of this date, Plaintiffs have neither propounded any form of written discovery to Defendants nor taken any depositions.  Lynam Decl., ¶ 5.

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
Case No. CV07-0311 JCC
118105.0010/1499774.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# III. LEGAL ARGUMENT

## A. Summary Judgment Standard.

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A defendant can move for summary judgment in two ways – it can demonstrate the absence of genuine factual issues through its own submissions or it can point out that there is an absence of evidence to support the plaintiff's case. *Celotex v. Catrett*, 477 U.S. 323-25 (1986). Moreover, where a defendant moves for summary judgment, the plaintiff bears the burden of establishing "specific and material facts to support each element of her prima facie case." *Sangster v. Albertson's, Inc.*, 99 Wn. App. 156, 160, 991 P.2d 674 (2000). Summary judgment is appropriate on a given cause of action if the plaintiff fails to come forward with evidence that proves an essential element of that cause of action because "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## B. Plaintiffs' Non-Copyright Claims Are Pre-Empted By the Copyright Act.

The Copyright Act expressly preempts state laws that regulate in the area of copyright, stating that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106... are governed exclusively by this title." 17 U.S.C. § 301(a). Under the Ninth Circuit's two-part test for copyright preemption, a state law cause of action is preempted if: (1) the work at issue comes within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the rights contained in 17 U.S.C. § 106. *Blue*

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
Case No. CV07-0311 JCC
118105.0010/1499774.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Nile, Inc. v. Ice.com, Inc.*, 478 F.Supp.2d 1240, 1247 (W.D. WA 2007) (citing *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir.2006)).

To satisfy the first part of the Ninth Circuit test, the work at issue must be among the subject matter protected by the Copyright Act. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003. Photographs are expressly included within the subject matter protected by the Act. *See Id.* (stating "[t]he photograph itself, as a pictorial work of authorship, is subject matter protected by the Copyright Act"). The only works at issue here, Plaintiffs' allegedly copyrighted photographs, are undisputedly within the subject matter protected by the Copyright Act.

To satisfy the second part of the Ninth Circuit test, the "alleged misappropriation must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act." *Blue Nile*, 478 F. Supp. 2d at 1249. To survive preemption, the state law claim at issue must "protect rights which are qualitatively different from the copyright rights." *Id.* In other words, the state law claim must have an "extra element" which changes the nature of the action. *Id.*

**1.  This Court Has Expressly Held that Claims under Washington's CPA and Common Law of Unfair Competition and Unjust Enrichment Are Preempted By the Copyright Act.**  In *Blue Nile*, a copyright infringement case involving the alleged misappropriation of parts of an online jewelry retailer's website by a competitor, the plaintiff website owner brought claims under Washington law for violation of the CPA, common law unfair competition and unjust enrichment in addition to its Copyright Act and Lanham Act claims. *Blue Nile*, 478 F. Supp. 2d at 1246-47. Judge Lasnik applied the Ninth Circuit's two-part test and specifically concluded that these causes of action were preempted by the

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
Case No. CV07-0311 JCC

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Copyright Act. *See id.* at 1248-49. Thus, this Court has already evaluated the same question presented here – whether the Copyright Act preempts state law claims for violation of the CPA[2], common law unfair competition and unjust enrichment – and it has answered in the affirmative. *See id.* at 1249-52. As set forth in greater detail in the following subsections, the Court's reasoning and analysis are equally applicable in this case. Because there is no dispute that photographs meet the "subject matter" prong of the Ninth Circuit test, the focus is on the second prong –equivalency of the protected rights.

      **a.**    **<u>Statutory Unfair Competition/CPA Claim.</u>** A CPA or unfair competition claim which merely incorporates by reference the same allegations made in support of copyright causes of action is based on rights equivalent to those protected by copyright and therefore preempted. *Blue Nile*, 478 F. Supp. 2d at 1249. Here, just as in *Blue Nile*, the CPA claim is based exclusively on allegations of copyright infringement. *See* Complaint, ¶¶ 26-41; 61-76. The only rights which Plaintiffs seek to assert or protect through their CPA claim concern the "copying, reproduction, distribution, adaptation, and/or public display of Plaintiffs' copyrighted works." Complaint, ¶ 75. Plaintiffs' statutory unfair competition or CPA claim is preempted.

      **b.**    **<u>Common Law Unfair Competition.</u>** Where, as here, a common law unfair competition claim is based on the premise that the defendant misappropriated plaintiff's copyrighted works, it is considered "part and parcel of the copyright claim" and is

---

[2] Plaintiffs do not identify the specific statute on which their statutory unfair competition claim is based. As discussed in more detail below, this is an independent basis to dismiss the claim. For purposes of the preemption analysis in this case, it is assumed that Plaintiffs intended to assert a CPA cause of action, but it is ultimately irrelevant under the facts of this case because any unfair competition claim would preempted given how Plaintiffs' chose to plead the cause of action.

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
Case No. CV07-0311 JCC

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

preempted.  *Del Madera Properties, v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987).  As with Plaintiffs' other State Law Claims, the unfair competition claim is expressly and exclusively predicated on the underlying allegations of copyright infringement.  *See* Complaint, ¶¶ 71-76.  Plaintiffs' common law unfair competition claim is also preempted.

       **c.**    <u>**Unjust Enrichment.**</u>  In copyright infringement cases, "claims for unjust enrichment are…generally preempted."  *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2001).  As with their other State Law Claims, Plaintiffs merely incorporate by reference the copyright infringement allegations in support of their unjust enrichment cause of action.  Complaint, ¶ 61.  Because the unjust enrichment claim is based on rights equivalent to those protected by the Copyright Act, it is preempted.  *See Blue Nile*, 478 F. Supp. 2d at 1251.

       **2.**    <u>**Plaintiffs' Tortious Interference Claim Is Also Preempted.**</u>  When a plaintiff's tortious interference claim and its copyright claims both allege unauthorized publication or display, the tortious inference claim is preempted.  *See Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 932 (S.D.N.Y. 1996).  Like every other one of their State Law Claims, Plaintiffs' tortious interference cause of action is based on the alleged infringements asserted in the Complaint.  *See* Complaint, ¶¶ 66-70.  Plaintiffs specifically re-allege and incorporate their allegations with respect to these images and assert "[b]y displaying such digital images on Defendants' Internet Web sites, each Defendant has intentionally interfered with Plaintiffs' business of selling its digital adult images[.]"  Complaint, ¶ 67.  It is undisputed that the only right Plaintiffs seek to assert through their tortious interference claim is the right to sell its library of copyrighted adult images.  Exclusive rights reserved for copyright holders under section 106 of the Act include the rights

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10
Case No. CV07-0311 JCC

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

of reproduction, distribution and preparation of derivative works. *See* 17 U.S.C. § 106. The tortious interference claim is preempted as well.

**C.**     **Plaintiffs Lack the Evidence Required to Prove Each Essential Element of Every Non-Copyright Claims.**

As noted above, Plaintiffs' State Law Claims are for: (1) unjust enrichment, (2) tortious interference with prospective contractual relations and (3) statutory and common law unfair competition, as alleged in Counts III through V of the Complaint. *See* Complaint, ¶¶ 61-76. These claims are all preempted, but even if they were not, Plaintiffs cannot avoid summary judgment dismissal of the State Law Claims unless they can come forward with admissible evidence, which, if believed, would be sufficient to prove every element of each of the State Law Claims. Defendants challenge both the sufficiency of the Plaintiffs' pleading with respect to the State Law Claims and their ability to come forward with evidence sufficient to avoid summary judgment on any of these causes of action.

**1.**     **Unjust Enrichment.** Under Washington law, a plaintiff asserting an unjust enrichment claim must prove the following elements: (1) a benefit conferred on one party by another; (2) an appreciation or knowledge of the benefit by the party receiving it; and (3) the receiving party's acceptance or retention of the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Dragt v. Dragt/DeTray, LLC,* 139 Wn. App. 560, 576, 161 P.3d 473 (2007).

Here, Plaintiffs allege that Defendants were unjustly enriched through their "usurp[ation] for themselves [of] copyrighted materials belonging to Plaintiffs for purposes of enhancing the commercial value of Defendants' goods and/or services." Complaint, ¶¶ 62. Curiously, Plaintiffs style their claim as one for "unjust profits" and loss of their own profits,

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11
Case No. CV07-0311 JCC

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

but readily concede that the amount of profits lost and unjustly retained is "presently unknown and cannot be readily ascertained without an accounting." Complaint, ¶ 64. Plaintiffs have failed to properly allege their unjust enrichment claim and it should be dismissed as a matter of law on this basis.

Moreover, even if this fatal defect in pleading is overlooked, Plaintiffs have absolutely no evidence whatsoever that any Defendant benefited in any way, financial or otherwise, as a result of the alleged infringements. Plaintiffs are also unable to come forward with any evidence that any Defendant had "appreciation or knowledge" of any benefit received in connection with the Subject Images. *See Dragt*, 139 Wn. App. at 576. The only and undisputed evidence before the Court is that no Defendant knew of the allegedly infringing images until receipt by Defendant FCI of Plaintiff's November 8, 2006 letter regarding these images. Leslie Decl., ¶ 5 (Dkt. # 15).

2. <u>**Tortious Interference With Prospective Contractual Relations.**</u> A Plaintiff bears the burden of proving the following five elements to prevail on a claim for tortious interference with a business expectancy under Washington law: (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damages. *Westmark Development Corp. v. City of Burien*,

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

140 Wn. App. 540, 557, 166 P.3d 813 (2007) (citing *Commodore v. Univ. Mech. Contractors, Inc.*, 120 Wash.2d 120, 137, 839 P.2d 314 (1992)).[3]

Here, as is the case with Plaintiffs' other State Law Claims, Plaintiffs failed to adequately plead their tortious interference cause of action. The only "interference" alleged by Plaintiffs is the display, distribution, reproduction, copying and adaptation of the allegedly infringing images.[4]  *See* Complaint, ¶ 75.  There is no allegation of any actual contract or prospective relationship that Plaintiffs had or did not obtain as a result of the display of the allegedly infringing images. *See* Complaint, ¶¶ 66-70.

But even if the court finds that the way Plaintiffs have pled this cause of action is adequate, it is undisputed that Plaintiff cannot demonstrate that it has the necessary evidence to prove this cause of action.  First, Plaintiffs have not disclosed or identified any actual person or entity with which it had a contract or business expectancy.  Second, no defendant had knowledge of any actual contract or potential business relationship between any Plaintiff and any third party and Plaintiffs certainly have no evidence at all to prove such knowledge.  Third, Plaintiffs have absolutely no evidence of any intentional interference with any contract or business relationship by any Defendant.

**3.**  **Statutory and Common Law Unfair Competition.**  Plaintiffs fail to disclose which statute they predicate their state statutory unfair competition claim upon.  *See*

---

[3] Although Plaintiffs have only expressly pled interference with prospective contractual allegations, their underlying allegations appear to allege inference with existing contracts.  As reflected above, the analysis for a tortious interference claim is the same regardless of whether there is an actual contract or a prospective contractual relationship. *See Pacific Northwest Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 351, 144 P.3d 276 (2006).

[4] As explained in detail above, this claim is also preempted by the Copyright Act for this reason.

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13
Case No. CV07-0311 JCC
118105.0010/1499774.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  Complaint, ¶¶ 71-76.  And they do not state the nature of their "common law" state unfair

2  competition claim.  *See id.*

3      Although Fed. R. Civ. P. 8 establishes a liberal standard for how a plaintiff must plead

4  his claims, something more is required.  Even under such a standard, the allegations of a

5  complaint must "apprise the defendant of the nature of the plaintiff's claims and the legal

6  grounds upon which the claims rest." *Molloy v. Bellevue*, 71 Wn. App. 382, 385, 859 P.2d

7  613 (1993).  "A pleading is insufficient when it does not give the opposing party fair notice of

8  what the claim is and the ground upon which it rests." *Kirby v. City of Tacoma*, 124 Wn. App.

9  454, 470, 98 P.3d 827 (2004) (quoting *Dewey v. Tacoma School Dist. No. 10*, 95 Wn. App.

10  18, 23, 974 P.2d 847 (1999)).  The pleading defects in Plaintiffs' statutory and common law

11  unfair competition cause of action are fatal and the Court should dismiss these claims on this

12  basis alone.  As with the other State Law Claims, even if the fatal pleading defects are

13  overlooked, the unfair competition claims should be dismissed because Plaintiffs cannot come

14  forward with evidence that would prove each and every essential element of these claims.

15      **a.**    <u>**Statutory Unfair Competition.**</u>  As noted above, Plaintiffs have failed

16  to identify the Washington statute on which their statutory unfair competition claim is based,

17  but one possible candidate is Washington's Consumer Protection Act ("CPA").  *See* Chapter

18  19.86 RCW.  To prevail on a CPA claim, a plaintiff must prove (1) an unfair or deceptive act

19  or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) injury

20  to his or her business or property, and (5) that the injury is causally related to unfair or

21  deceptive act. *Shields v. Morgan Financial, Inc.*, 130 Wn. App. 750, 755-56, 125 P.3d 164

22  (2005).

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Even if the failure to identify the statutory basis for this cause of action is overlooked and it is assumed that it is based on the CPA, the cause of action remains inadequately pled as a matter of law. Even under the most charitable construction possible, there is absolutely no allegation of an impact on the public interest – an essential element of any CPA claim. Moreover, Plaintiffs lack any admissible evidence that anything done by any defendant was unfair or deceptive, impacted the public interest, or proximately caused Plaintiffs' alleged injuries. It is undisputed that the allegedly infringing images where posted by an individual whom Plaintiffs have chosen not to sue and that all Defendants were unaware that the allegedly infringing images even existed until notified by Plaintiffs. *See* Leslie Decl., ¶¶ 5-6, 8, 11 (Dkt. # 15).

**b.** **Common Law Unfair Competition.** Washington courts recognize only three general categories of common law unfair competition claims: (1) claims that the party's names, symbols, or devices had been appropriated and used by a competitor; (2) claims that a party suffered damage by reason of a substitution of goods or wares so as to produce a false impression in the mind of the buying public; and (3) claims based on breach of contract. *See Seaboard v. Williams' NW Chrysler*, 81 Wn.2d 740, 742-43, n. 2 (1973). Here, again, Plaintiffs have failed to properly allege their claim and lack the evidence to support every element of the claim had it been properly pled. Were it not preempted by the Copyright Act, Plaintiffs' common law unfair competition claim might arguably fall within the first or second categories recognized by *Seaboard*.

But, Plaintiffs have expressly admitted that they do not have the evidence necessary to prove their actual damages/lost profits – the only types of damages that would be available under the common law unfair competition theory pled by Plaintiffs. *See Ivan's Tire Service*

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 15
Case No. CV07-0311 JCC

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Store, Inc. v. Goodyear Tire & Rubber Co.*, 10 Wn. App. 110, 126, 517 P.2d 229 (1973) (identifying "lost profits, losses due to reduction in prices occasioned by the competition, harm to reputation, and expenditures reasonably made by the plaintiff to prevent prospective customers from being misled by the defendant's conduct" as included in the types of damages under an common law unfair competition claim). Here, the only means for proving actual damages Plaintiffs ever identified in discovery was the formula in which the variable "A" represented the number of visitors to the websites containing the allegedly infringing images. First Interrogatories to Plaintiffs and Responses Thereto (Exh. B to Lynam Decl.), at 21. Plaintiffs claimed that this number would eventually become known through discovery, but they never conducted discovery and the time for doing so has passed. *See* CR 16(f); Dkt. # 9; Lynam Decl., ¶ 5. They cannot now prove actual damages in connection with their common law unfair competition cause of action or any of the other State Law Claims in which statutory damages are unavailable.[5]

D.   **Plaintiffs' Claims Against Defendants Accretive, Perkins and Boday Should Be Dismissed As They Are Not Proper Defendants In This Case.**

Plaintiffs' claims in this lawsuit are based upon claims that Defendant FCI acted improperly with respect to the operation of its website, www.pornparks.com. *See generally* Complaint. As stated in Defendants' pending first motion for partial summary judgment (Dkt. #13), Defendants submit Plaintiffs' claims for copyright infringement are not actionable against FCI or any other Defendant. To the extent that Plaintiffs have any claims here, Plaintiffs should have been brought their claims against the PornParks user who posted and displayed the subject images. For some reason, Plaintiffs have chosen to not pursue their

---

[5] This includes every State Law Claim except the statutory unfair competition cause of action.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

claims against this person. In addition to bringing claims against FCI, Plaintiffs have also brought claims against: (1) Accretive, which is the parent corporation of FCI; and (2) individuals Shawn Boday and Ross Perkins, who Plaintiffs allege were officers or directors of FCI. Complaint, ¶¶ 14-17, 20. For the reasons stated below, Defendants move for the claims against Accretive, Perkins and Boday to be dismissed since they are not proper defendants in this case.

      **1.**    **Accretive.** Defendant Accretive is the parent corporation of Defendant FCI. See Leslie Decl., ¶ 2 (Dkt. #15). In order for a plaintiff to hold a parent corporation liable for the actions of a subsidiary, "piercing the corporate veil" must be appropriate. *Minton v. Ralston Purina Co*., 146 Wn.2d 385, 398, 47 P.3d 556 (2002). Under Washington law, the party advancing a veil-piercing or corporate disregard theory bears the very difficult burden of proving numerous specific facts. *See, e.g., id.*; *Meisel v. M & N Modern Hydraulic Press*, 97 Wn.2d 403, 410, 645 P.2d 689 (1982).

      For example, to pierce the corporate veil and hold a parent corporation liable, the plaintiff must show that there is "an overt intention by the corporation to disregard the corporate entity in order to avoid a duty owed to the party seeking to invoke the doctrine." *Id*. A plaintiff must also typically prove that "the corporation manipulated the entities in order to avoid the legal duty." *Id*. "Mere common ownership of stock, the same officers, employees, etc., does not justify disregarding the separate corporate identities unless a fraud is being worked upon a third person." *Rena-Ware Distribs., Inc. v. State*, 77 Wn.2d 514, 518, 463 P.2d 622 (1970).

      In their Complaint, Plaintiffs allege Accretive was the "alter ego" of FCI. Complaint, ¶ 24. In Defendants' interrogatories to Plaintiffs, Plaintiffs were asked to state each and every

DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - 17
Case No. CV07-0311 JCC

118105.0010/1499774.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

fact on which they based this allegation. First Interrogatories to Plaintiffs and Responses Thereto (Exh. B to Lynam Decl.), at 15. Plaintiffs' response to this Interrogatory did not give any facts in support of this allegation, and Plaintiffs stated that they had not yet completed their discovery and that they were "aware of its continuing obligations under Fed. R. Civ. P. 33 and shall supplement its response as relevant information is found." Plaintiffs never supplemented their response to this interrogatory and the discovery cutoff has now passed. *See* Dkt. #9; CR 16(f); Lynam Decl., ¶ 5. Plaintiffs' failure to provide any facts on which they base this allegation is, in and of itself, a sufficient reason to dismiss Plaintiffs claims against Defendant Accretive.

Moreover, Plaintiffs have never disclosed or provided any information that would be sufficient for it to prevail on a veil piercing or corporate disregard theory that would be required to hold Accretive liable for the acts of FCI. As with the State Law Claims discussed above, Plaintiffs cannot come forward with the evidence necessary prove that Accretive is liable for FCI's operation of its website.

Additionally, with respect to Plaintiffs' copyright infringement claims, the Ninth Circuit has held a: "parent corporation cannot be held liable for the infringing actions of its subsidiary unless there is a substantial and continuing connection between the two with respect to the infringing acts." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1553 (9th Cir. 1989). Here, Accretive had no involvement with respect to the management or operation of the PornParks website by FCI. Leslie Decl., ¶ 3. Plaintiffs are incapable of proving this requirement as well.

        **2.**    **Boday and Perkins.** Individual officers, directors or shareholders of a corporation are presumed to be not liable for the wrongful acts of the corporation and will be

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

held personally liable only in certain rare circumstances, none of which are present in this case. *See Grayson v. Nordic Const. Co., Inc.*, 92 Wn.2d 548, 552-53, 599 P.2d 1271 (1979) (recognizing "[w]hen the shareholders of a corporation, who are also the corporation's officers and directors, conscientiously keep the affairs of the corporation separate from their personal affairs, and no fraud or manifest injustice is perpetrated upon third-persons who deal with the corporation, the corporation's separate entity should be respected").

Here, Plaintiffs have not identified facts which would be proof of these elements (nor do such facts exist). Plaintiffs contend Boday and Perkins are officers or directors of FCI and therefore are personally liable for the claims brought in this lawsuit. Defendants submit Plaintiffs have not presented any proof or evidence (nor does any exist) which would make an officer or director liable for the actions of a corporation. Plaintiffs have the burden of coming forth with evidence and legal authority that would support the Court holding an officer or director liable in this situation.

With respect to Plaintiffs' claim of direct copyright infringement, Plaintiffs would have to demonstrate that these individuals copied, displayed, or reproduced the Subject Images. Plaintiffs have not demonstrated such is true. In fact, Boday and Perkins have not had any involvement with the operations of the PornParks website at any time over the last five years. Leslie Decl., ¶ 4. With respect to a claim for contributory infringement, a party who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer. Nimmer on Copyright 3:12.04[A][3][a]. Here, as Boday and Perkins had no involvement with respect to the operations of the PornParks website, Plaintiffs cannot demonstrate sufficient facts to satisfy this requirement. *See* Leslie Decl., ¶ 4. Additionally, there is absolutely no proof (and

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

none exists) that Boday or Perkins at any time had any type of "knowledge of the infringing activity." The undisputed facts here are that even FCI did not have knowledge the allegedly infringing images were being displayed on the PornParks users' website until notice was provided to it by Plaintiffs (after which FCI immediately removed the images from the Internet). *See* Leslie Decl. ¶¶ 5, 6, 8, 11 (Dkt. #15).

**E.**    **Plaintiffs Should Be Barred From Seeking Actual Damages On Any Surviving Copyright Infringement Claims.**

The Copyright Act provides, for claims of copyright infringement, a plaintiff may elect to either seek to recover: (1) "actual damages;" or (2) "statutory damages." 17 U.S.C. § 504. Actual damages are defined in § 504(b) to include the "actual damages suffered by [the plaintiff] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Statutory damages are discretionary damages awarded by the Court based on the parameters stated in §504(c).

Here, although Plaintiffs' Initial Disclosures and Interrogatory responses could be read to be an election in favor of statutory damages, this information is ambiguous. *See* Plaintiffs' Initial Disclosures, (Exh. A to Lynam Decl.), at 6; First Interrogatories to Plaintiffs and Responses Thereto (Ex. B to Lynam Decl.), at 20-22. In Plaintiffs' Initial Disclosures, Plaintiffs stated both that they intended to seek statutory damages and that they intended to seek actual damages. Plaintiffs' Initial Disclosures, (Exh. A to Lynam Decl.), at 6. Defendants propounded an interrogatory to Plaintiffs asking for the amount of and method of calculation of such actual damages as described in Plaintiffs' Initial Disclosures. First Interrogatories to Plaintiffs and Responses Thereto (Ex. B to Lynam Decl.), at 20-22. In their

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 20
Case No. CV07-0311 JCC

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

response, Plaintiffs provided a formula for the calculation of such actual damages, which formula began with and was dependent upon proof of: "A = The number of visitors to Defendants' websites that contained Plaintiffs' infringed images." <u>Id.</u> Plaintiffs' further responded they were unable to provide actual totals since "Defendants are in possession of information required for ascertaining variable 'A' above and Plaintiffs have not yet completed their discovery." <u>Id.</u> Plaintiffs also stated that Plaintiffs sought to recover "Defendants' actual profits enjoyed by the use of Plaintiffs' images, which amount is unknown at this time, which shall ultimately be discovered by Plaintiffs through discovery." <u>Id.</u> Plaintiffs never conducted any discovery whatsoever in this lawsuit, and Plaintiffs never supplemented the answer to this interrogatory. The discovery cutoff has now passed. These facts alone are enough for the Court to not allow Plaintiffs to seek actual damages since they have failed to supplement their interrogatory response or in any way provide to Defendants disclosure of the amounts regarding these alleged actual damages. *See* Dkt. # 9; Lynam Decl., ¶ 4; CR 16(f); Fed. R. Civ. P. 26(e)(1).

Finally, if the Court dismisses Plaintiffs' claims for actual damages, Plaintiffs still have a remedy to recover damages since they are allowed to seek claims for "statutory damages" under the Copyright Act. For the reasons stated above, Defendants submit the Court should rule that, with respect to all of Plaintiffs' claims and causes of action, the Court should dismiss with prejudice any claims by Plaintiffs for actual damages.

//

//

//

//

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1     DATED: March 17, 2008

2                                 LANE POWELL PC

3

4                               By  s/Joseph E. Lynam

5                                 Joseph E. Lynam, WSBA No. 12728
                                Andrew G. Yates, WSBA No. 34239

6                                 Lane Powell PC
                                1420 Fifth Avenue, Suite 4100

7                                 Seattle, WA 98101
                                T: 206-223-7000
                                F: 206-223-7107

8                                 Email: lynamj@lanepowell.com

9                               Attorneys for Defendants FCI Inc., d/b/a Flying

10                               Crocodile Incorporated; Accretive Technology
                              Group, Inc.; Ross Perkins and Shawn Boday

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 22
Case No. CV07-0311 JCC
118105.0010/1499774.2

                                    LANE POWELL PC
                         1420 FIFTH AVENUE, SUITE 4100
                     SEATTLE, WASHINGTON 98101-2338
                     206.223.7000 FAX: 206.223.7107

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on March 17, 2008, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Robert S. Apgood
Michael J. Boyle
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
T: 206-624-2379
F: 206-784-6305
rob@carpelaw.com
mike@carpelaw.com
AND
Spencer D. Freeman
Freeman Law Firm, Inc.
2401 North 30th Street
Tacoma, WA 98403
T: 253-383-4500
F: 253-383-4501
sfreeman@freemanlawfirm.org
Attorneys for Plaintiffs

Executed on 17 March 2008 at Seattle, Washington.

s/Maureen Doherty
Maureen Doherty
Legal Secretary
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Tel: 206.223.7000
Fax: 206.223.7107
Email: dohertym@lanepowell.com
Attorney(s) For Defendants

DEFENDANTS' SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT - 23
Case No. CV07-0311 JCC
118105.0010/1499774.2